UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DRYWALL TAPERS AND PAINTERS OF GREATER NEW YORK LOCAL UNION 1974, AFFILIATED WITH INTERNATIONAL UNION OF ALLIED PAINTERS AND ALLIED TRADES, AFL-CIO, <br><br>                              Petitioner, <br><br> -v- <br><br> ISLAND PAINTING, INC., <br><br>                              Respondent. | 25-CV-5945 (JPO) <br><br> ORDER |

J. PAUL OETKEN, District Judge:

Petitioner Drywall Tapers and Painters of Greater New York Local Union 1974, Affiliated with International Union of Allied Painters and Allied Trades, AFL-CIO (the "Union") brings this action against Respondent Island Painting Inc., pursuant to § 9 of the Federal Arbitration Act (the "FAA") and § 301 of the Labor Management Relations Act ("LMRA"), to confirm and enforce an arbitration award issued on April 4, 2025. (ECF No. 1 ("Pet.").) Before this Court is the Union's unopposed motion for summary judgment. (ECF No. 9.) For the reasons that follow, the motion for summary judgment and petition to confirm arbitration are granted.

I.    **Background**

The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act, which represents employees in an industry affecting commerce. *See Drywall Tapers & Pointers of Greater New York Loc. Union 1974 v. Nat'l Drywall Inc.*, No. 24-CV-3690, 2024 WL 4666181, at *1 (S.D.N.Y. Nov. 4, 2024). Island Painting is party to a collective bargaining agreement ("CBA") with the Union. (ECF No. 10 ¶ 5; ECF No. 2-2 ("CBA").) The CBA

1

contains an arbitration provision requiring an employee's unresolved grievance to be referred to a Joint Committee, which in turn refers matters to the Drywall Taping Industry Board (the "Joint Board"). (CBA Art. XIII § 1; *Id.* Art. XIV.) The CBA provides that "[t]he decisions and findings of the Joint Board, including any imposition of penalties, shall be final and binding upon the signatory contractors and the Union, all members of each thereof and all interested parties." (*Id.* Art XIV § 6.)

Disputes arose when Island Painting failed to register a job with the Union, in alleged violation of Article XI and Article XIII Section 6 Violation 1 of the CBA, and again when Island Painting failed to register a job for overtime work, in violation of Article IV and Article XIII Section 6 Violation 3 of the CBA. (Pet. ¶ 6.) The Union filed a Demand for Arbitration and served Notices of Intention to Arbitrate on January 14, 2025 and January 23, 2025. (*Id.* ¶ 7; ECF No. 2-1 at 3.) The Joint Board held a hearing on March 13, 2025, attended by representatives of both the Union and Island Painting, and issued its decision on April 4, 2025. (Pet. ¶ 8; ECF No. 2-1 at 4.) The decision concluded that Island Painting, by its own admission, failed to register two jobs with the Union. (ECF No. 2-1 at 4.) The decision also concluded that Island Painting failed to obtain an overtime permit for work being performed at two jobsites. (*Id.* at 4-5.) The Joint Board accordingly directed Island Painting to submit a fine of $1,000.00 for failure to register a job and a fine of $1,500.00 for failure to obtain an overtime permit, for a total of $2,500.00. (*Id.* at 5.) The decision required payment to be made within ten days from the date of receipt of the decision. (*Id.*) The Union provided notice of the Joint Board's decision to Island Painting on April 7, 2025. (*Id.* at 2.)

The Union filed the petition to confirm arbitration on July 21, 2025 (Pet.), alongside a memorandum of law in support (ECF No. 1-1) and a declaration with supporting exhibits (*see*

ECF No. 2).  On September 24, 2025, the Union filed a motion for summary judgment (ECF No. 9) alongside supporting materials (*see* ECF No. 13) and a memorandum of law (ECF No. 12). Island Painting has not filed a notice of appearance or responded to the petition or the motion for summary judgment.

## II.    Legal Standard

"Enforcement of an arbitration award issued under a collective bargaining agreement 'is governed by section 301 of the LMRA.'"  *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. All Aces Corp.*, No. 23-CV-9929, 2024 WL 1884701, at *2 (S.D.N.Y. Apr. 30, 2024) (quoting *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016)).  "[R]eview of an arbitration award under the LMRA is . . . very limited."  *Nat'l Football League Mgmt. Council*, 820 F.3d at 536 (quotation marks omitted). Courts are to "inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement," and "[i]t is the arbitrator's construction of the contract and assessment of the facts that are dispositive."  *Id.*

"For summary judgment motions involving the confirmation of an arbitration award, the court's ruling must be based on the record, which includes the arbitration agreement and the arbitration award."  *Drywall Tapers & Pointers of Greater New York Loc. Union 1974, Affiliated with Int'l Union of Allied Painters & Allied Trades, AFL-CIO v. Tiger Contracting Corp.*, No. 20-CV-10099, 2021 WL 11651943, at *1 (S.D.N.Y. Apr. 29, 2021) (cleaned up).  Unanswered petitions to confirm arbitration awards are treated similarly to unopposed motions for summary judgment.  *See D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Accordingly, even unopposed motions can be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

3

56(a).  Moreover, "as arbitration is ultimately a matter of contract, whether the parties have agreed to arbitrate—that is, assented to such a contract—is a question for the court to decide." *Pilon v. Discovery Commc'ns, LLC*, 769 F. Supp. 3d 273, 286 (S.D.N.Y. 2025).

**III.    Discussion**

Here, the petition to confirm arbitration and the motion for summary judgment are unopposed.  The undisputed facts show that there was a valid CBA between the Union and Island Painting, and that the CBA provided for arbitration before the Joint Board, whose decisions and findings, "including any imposition of penalties, shall be final and binding upon the signatory contractors and the Union."  (CBA Art. XIV § 6.)  The undisputed record further shows that the Joint Board acted within the scope of its authority in awarding the $2,500 penalty.  Because the Court has no basis to infer that the Joint Board acted outside the scope of its authority in issuing the award, the undisputed evidence demonstrates that "no material issue of fact remains for trial" and the Union has met its burden of establishing that the award should be confirmed.  *D.H. Blair & Co., Inc.*, 462 F.3d at 110 (quotation marks omitted).

Although the Petition itself does not seek an award of attorney's fees and costs, the Union asserts in its accompanying memorandum of law that it is entitled to payment of its attorney's fees and costs incurred in bringing this petition.  (ECF No. 1-1 at 5.)  "[W]hen a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded."  *Trs. of Dist. Council No. 9 Painting Indus. Ins. Fund v. City Newark Glass*, No. 23-CV-3303, 2024 WL 2092003, at *3 n.1 (S.D.N.Y. May 9, 2024) (quotation marks omitted) (quoting *Int'l Chem. Workers Union, Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)).  The Union has submitted a declaration of attorney Lauren M. Kugielska, which provides a breakdown of the fees and costs that amounts to $4,320.00 in fees and $585.12 in costs in connection with this action.  (ECF No. 13 at 2-4.)  Kugielska declares that she spent

14.4 hours on this case, such that the hourly rate she seeks is $300 per hour.  Courts have found such a rate to be reasonable.  *See Drywall Tapers & Pointers of Greater New York Loc. Union 1974*, 2024 WL 4666181, at *3 (approving $300 per hour rate for Kugielska).  And because "the invoice is thorough, detailed, relevant, and easy to understand, with no evident duplication of effort," *id.* (quotation marks omitted), the Court also concludes that the hours billed and listed costs are reasonable.

## IV.    Conclusion

For the foregoing reasons, the motion for summary judgment and the petition to confirm the arbitration award are GRANTED.

The Clerk of Court is directed to enter judgment in favor of Petitioner in the amount of $2,500.00, plus $4,320.00 in attorney's fees and $585.12 in costs arising out of filing the Petition.  Post-judgment interest shall accrue at the statutory rate specified by 28 U.S.C. § 1961.  *See N.Y.C. Dist. Council of Carpenters v. Nguyen Custom Woodworking LLC*, No. 18-CV-3970, 2018 WL 5919520, at *2 (S.D.N.Y. Nov. 13, 2018) (Nathan, J.) ("Awarding post-judgment interest under § 1961 is mandatory and applies to actions to confirm arbitration awards.").

The Clerk is also directed to close the motion at Docket Number 9 and to close this case.

SO ORDERED.

Dated: June 30, 2026
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

5